IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC ANTHONY WATSON, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RDB-13-3563 |
| UNITED STATES OF AMERICA, | * | Criminal Action No. RDB-12-0367 |
| Respondent. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The *pro se* Petitioner Eric Anthony Watson ("Petitioner" or "Watson") pled guilty to one count of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a) and 846. J., p. 1, ECF No. 123. Subsequently, Judge Quarles[1] of this Court sentenced Watson to 60 months imprisonment. *Id.* at 2. Currently pending before this Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 155). Petitioner contends that his counsel provided ineffective assistance, in violation of his Sixth Amendment Rights. The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated herein, Petitioner's Motion to Vacate (ECF No. 155) is DENIED.[2]

## BACKGROUND

The *pro se* Petitioner Eric Anthony Watson ("Petitioner" or "Watson") was charged, along with five other individuals, with one count of conspiracy to distribute and possess with

---

[1] This case was reassigned to the undersigned Judge Richard D. Bennett on January 28, 2016.
[2] Via Order dated August 19, 2015 (ECF No. 171), Judge Quarles denied Petitioner's *pro se* Motion for Reduction of Sentence based on Amendment 782 to the United States Sentencing Guidelines.

1

intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a) and 846.  Indictment, p. 1, ECF No. 78.  Watson entered a plea of guilty to the one-count Indictment, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and agreed to a sentencing range of 60 months to 87 months.  Plea Agreement, p. 5, ECF No. 91.  Subsequently, Judge Quarles[3] of this Court sentenced Watson to 60 months imprisonment, the lowest possible sentence within the agreed upon range and the mandatory minimum sentence for the charged offense.  J., p. 2, ECF No. 123.  Watson did not appeal his conviction or sentence.

## STANDARD OF REVIEW

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). In order to establish a claim for ineffective assistance of counsel, Petitioner must prove both elements of the test set forth by the Supreme Court in *Strickland v. Washinton*, 466 U.S. 668, 671 (1984). First, Petitioner must show that his counsel's performance was so deficient as to fall below an "objective standard of reasonableness." *Id.* at 688.  In assessing whether counsel's performance was unconstitutionally deficient, courts adopt a "strong presumption" that counsel's actions fall within the "wide range of reasonable professional assistance." *Id.* at 689. Second, Petitioner must show that his counsel's performance was so prejudicial as to "deprive the defendant of a fair trial." *Id.* at 687.  In order to establish this level of prejudice, Petitioner must demonstrate that there is a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  Where, as here, a petitioner

---

[3] This case was reassigned to the undersigned Judge Richard D. Bennett on January 28, 2016.

challenges his conviction following a guilty plea, prejudice is generally established by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord United States v. Mooney*, 497 F.3d 397, 401 (4th Cir. 2007). Satisfying either of the two parts of the test alone is not sufficient; rather, the petitioner must meet both prongs of the *Strickland* test in order to be entitled to relief. *See Strickland*, 466 U.S. at 687.

## ANALYSIS

Petitioner contends that his counsel provided ineffective assistance by: (1) advising him to plead guilty "despite the insufficiency of the evidence;" (2) failing to "properly consider an available viable defense to the charge;" (3) "allow[ing] evidence from an unrelated conspiracy to unduly influence [P]etitioner to plead guilty;" and (4) incorrectly advising Petitioner "that he would be considered a career offender for sentencing purposes if he went to trial and was convicted." Mot. to Vacate, p. 2, ECF No. 155. Although *pro se* pleadings are afforded a liberal construction, Section 2255 petitions raising only conclusory allegations are not entitled to relief. *See, e.g., United States v. Dyess*, 730 F.3d 354, 359-360 (4th Cir. 2013). For the reasons explained herein, Petitioner fails to identify any erroneous conduct by his counsel, nor can he demonstrate prejudice.

I. <u>Insufficiency of the Evidence</u>

"Petitioner contends that his attorney should have tried the case before a jury instead of advising him to plead guilty because no reasonable trier of fact would have found him guilty of a drug conspiracy under the circumstances of this case." Mot. to Vacate, p. 2, ECF No. 155. Petitioner posits that if his case had gone to trial, "the Government's case would

have been based exclusively upon the [inherently unreliable] uncorroborated testimony of his accomplices," which his counsel could have exposed as "factually and legally insufficient." *Id.* at 3-6.  However, the decision to go to trial or plead guilty ultimately rests with a criminal defendant, and Petitioner does not allege that his counsel took any specific improper action.

On the contrary, Petitioner has since pled guilty to the offense with which he was charged and has stipulated that the Government's evidence consisted not only of the testimony of his co-conspirators, but also "seizures of narcotics, narcotics paraphernalia and other evidence pursuant to search warrants and electronic surveillance, including the monitoring of telephone conversations occuring over the Defendant's and others' cellular telephones."  Plea Agreement, p. 4, ECF No. 91; Arraignment Tr., p. 14-15, ECF No. 160-2.  Judge Quarles of this Court accepted Petitioner's guilty plea on November 1, 2012, and Petitioner does not allege that it was either unknowing or involuntary.  "[A]llegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false."  *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks omitted).  For these reasons, Petitioner's first argument must fail.

II.     Failure to Raise Available Defense

Additionally, Petitioner argues that his counsel should have gone "to trial and advanced the theory that the [P]etitioner was in fact a seller of paraphernalia items—not drugs" "in light of the fact[ ] that there was no evidence connecting [P]etitioner to the alleged drug conspiracy, no drugs were recovered from him, his home, or car, and only paraphernalia items were seized."  Mot. to Vacate, p. 6, ECF No. 155.  However, Petitioner

4

offers no evidentiary support for these allegations, nor does he allege that he actually advised his counsel to pursue this defense and that his counsel failed to do so.  For these reasons, and for the reasons previously outlined in response to Petitioner's first argument, Petitioner's second argument must also fail.

III.     Influence of Unrelated Conspiracy

Petitioner posits that "multiple conspiracies are involved here," as evidenced by the fact that "Damond Brown, one of [his] co-defendants, was charged with conspiracy to distribute cocaine—not heroin."  Mot. to Vacate, p. 7, ECF No. 155.  Petitioner argues that "the presence of the unrelated conspiracy improperly influenced his decision to plead guilty. . . [because] he believd that evidence from the cocaine conspiracy could be used against him if he had [gone] to trial."  Id. at 7-8.

Although Petitioner now alleges that his plea was "improperly influenced," Judge Quarles specifically found at Petitioner's arraignment that he "knowingly and voluntarily entered the plea."  Arraignment Tr., p. 15, ECF No. 160-2.  At his arraignment, Petitioner accepted the stipulated facts in the plea agreement and indicated that he chose to plead guilty of his own "free will" and because he was guilty.  Id.  As discussed *supra*, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false."  *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks omitted).  Furthermore, Petitioner has failed to identify any specific improper action by his counsel.  For these reasons, his third argument fails.

IV. <u>Potential Career Offender Designation</u>

Petitioner contends that his "counsel advised [him] that he had two prior violent felonies (second degree assault and possession of a handgun) which would be used to treat him as a career offender if convicted at a trial, and that a much more severe and harsher sentence would be imposed (151 to 188 months) than he would receive if he pled guilt[ ]y (60 to 87 months)." Mot. to Vacate, p. 8-9, ECF No. 155. However, Petitioner objects that "neither of the charges were violent felonies," that his "counsel's advice was plainly deficient," and that "had he known that the advice was erroneous, he would not have pled guilty." *Id.* at 9. He argues that his prior assault charge "was not violent because second degreee assault under Maryland law encompasses several distinct crimes, some of which qualify as violent felonies and others which do not" and that the assault with which he was charged "was of the non-violent type." *Id.* at 9. Additionally, he contends that he "was given probation before judgment for the assault charge, which he successfully completed, and therefore never had a judgment of conviction entered on the assault." *Id.* As to the handgun offense, Petitioner contends that the career offender guidelines clearly state "that possession of a handgun is not a crime of violence and not to be considered for career offender purposes." *Id.*

Again, Petitioner offers no factual support for his claim of ineffective assistance. However, even if his counsel did offer this advice, it did not clearly fall below an objective standard of reasonableness, at least as to Petitioner's prior assault conviction. Petitioner entered into his plea in 2012, prior to the United States Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013) and the decision of the United States Court

of Appeals for the Fourth Circuit in *United States v. Royal*, 731 F.3d 333 (4th Cir. 2013), which altered the calculation of Maryland's Second Degree Assault statute in sentencing proceedings. Prior to those decisions, courts would have applied the "modified categorical approach" in determining whether Petitioner's prior convictions qualified him for career offender status and may have determined that Petitioner did qualify as a career offender, depending on the facts of his prior convictions. Accordingly, the advice of Petitioner's counsel was not clearly unreasonable. Furthermore, even if Petitioner's counsel did initially provide erroneous advice, Petitioner would have had ample time to discover that he was not a career offender prior to his sentencing, giving him an opportunity to withdraw his plea. Any misunderstanding on his part would have been corrected through the Rule 11 hearing process, his review of the presentence report, or the sentencing proceeding. Accordingly, Petitioner's final argument fails.

V.      Petitioner Cannot Demonstrate Prejudice

Even if Petitioner were able to demonstrate that his counsel's performance fell below an objective standard of reasonableness, he would still fail to show that he has been prejudiced by his counsel's actions. On the contrary, Petitioner's sentence of 60 months imprisonment was the lowest possible for the charged offense. Absent an acquittal at trial, for which Petitioner has failed to show any basis, he could not have obtained a more favorable result.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 155) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Petitioner's claim debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:      September 28, 2016

                                                                                               /S/
                                                              Richard D. Bennett
                                                              United States District Judge